UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REX AND ROBERTA LING LIVING TRUST u/a DECEMBER 6, 1990, as AMENDED, JOHN TAYLOR JONES, and DAVID THOMAS JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>        -against-<br><br>B COMMUNICATIONS LTD., EUROCOM COMMUNICATIONS LTD., SHAUL ELOVITCH, and OR ELOVITCH,<br><br>                Defendants. | Case No. 1:17-cv-04937 (JPO)<br><br>ECF CASE<br><br>Exhibit A |

# ORDER PRELIMINARILY
# APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *Rex & Roberta Ling Living Trust v. B Communications Ltd.*, 1:17-cv-04937 (JPO) (S.D.N.Y.) ("Litigation");

WHEREAS, Rex and Roberta Ling Living Trust u/a December 6,1990, as Amended, John Taylor Jones, and David Thomas Jones (together, "Lead Plaintiffs"), on behalf of themselves and each of the Class Members, and Defendant B Communications Ltd. ("BComm") having determined to settle the Litigation;

WHEREAS, Lead Plaintiffs having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated March 3, 2020 ("Stipulation"), certifying the Class for purposes of the Settlement only, and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Class consisting of all persons or entities that purchased or otherwise acquired BComm ordinary shares listed on NASDAQ between March 18, 2015 and September 6, 2017, both dates inclusive (the "Class Period"). Excluded from the Class are Defendants and Dismissed Defendants; the present and former officers and directors of BComm and any subsidiary thereof, and the immediate family

members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any such excluded person has or had a controlling interest during the Class Period. Also excluded from the Class are all putative members of the Class who exclude themselves by filing a valid and timely request for exclusion.

2. Solely for purposes of the proposed Settlement of this Litigation, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Litigation are typical of the claims of the Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Rex and Roberta Ling Living Trust u/a December 6,1990, as Amended, John Taylor Jones, and David Thomas Jones are adequate class representatives and certifies them as Class Representatives for the Class. The Court also appoints Lead Counsel as Class Counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

5. A hearing (the "Settlement Hearing") shall be held before this Court on

August 10, 2020, at 11:00 a.m. at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 706, New York, NY 10007-1312, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment as provided in ¶ 1.17 of the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate to the Class and should be approved; (iv) the amount of fees and expenses that should be awarded to Lead Counsel; and (v) the compensatory awards that should be granted to the Class Representatives. The Court may adjourn the Settlement Hearing without further notice to the Class Members.

6. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action ("Notice"), the Proof of Claim and Release Form ("Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. All fees, costs, and expenses incurred in identifying and notifying Class Members shall be paid as set forth in the Stipulation.

8. The firm of Strategic Claims Services ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than May 1, 2020, twenty one (21) calendar days after the Court signs and enters this Order ("Notice Date"), the Claims Administrator shall commence mailing the Notice and the Proof of Claim, substantially in the forms annexed hereto (the "Notice Packet"), by First-Class Mail to all potential Class Members who or which can be identified with reasonable effort, and to be posted on its website at https://www.strategicclaims.net/bcomm/ ;

(b) Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once over the *GlobeNewswire*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on BComm's counsel and file with the Court proof of such mailing and publishing.

9. Brokers and other nominees who purchased or otherwise acquired BComm shares during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; or (b) within seven (7) calendar days of receipt of the letter, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners/purchasers. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.15 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.05 per Notice Packet transmitted by

email; or $0.10 per name, mailing address, and email address (to the extent available provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. On or before fifteen (15) days after the later of: (i) entry of this Order, and (ii) provision to BComm of all information necessary to effectuate a transfer of funds, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund, BComm and/or BComm's insurers shall cause One Million Two Hundred Thousand Dollars (US$1,200,000.00) in cash to be paid to the Escrow Agent pursuant to ¶ 2.1 of the Stipulation.

11. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

12. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than seven (7) calendar days after the date of the Settlement Hearing. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered

by the Court, but shall nevertheless be bound by the provisions of the Stipulation, the Releases contained therein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13. Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Class Members who or which does not enter an appearance will be represented by Lead Counsel.

14. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-delivered such that it is received by the Claims Administrator no later than July 20, 2020. A Request for Exclusion must be signed and state: (i) the name, address, telephone number, and email address (if any) of the Person requesting exclusion; (ii) the Person's purchases, acquisitions, and sales of BComm ordinary shares listed on NASDAQ between March 18, 2015 and September 6, 2017, inclusive, including the dates, the number of shares of BComm purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (iii) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the

Class who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class in this or any other proceeding.

15. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event the Person will be included in the Class.

16. Lead Counsel shall cause to be provided to BComm's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

17. Any Class Member may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Class Representatives, or why the compensatory awards to Class Representatives should or should not be approved; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are sent to Pomerantz LLP, Jeremy A. Lieberman, 600 Third Avenue, 20th Floor, New York, New York 10016 and Carter Ledyard & Milburn LLP, Jeffrey S. Boxer, Two Wall Street, New York, NY 10005, received or hand-delivered on or before July 20, 2020, and said objections, papers, and briefs are

sent to the Clerk of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 706, New York, NY 10007-1312, so that it is received on or before July 20, 2020. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for the Class Representatives or compensatory awards to Class Representatives, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to counsel for the Class Representatives, and/or the award of compensatory awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

18. Any objections, filings, and other submissions by the objecting Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales of BComm shares during the Class Period, including the dates, the number of BComm

shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

19. Lead Counsel and BComm's counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

21. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for the Class Representatives for attorneys' fees and expenses or by the Class Representatives for their expenses shall be filed and served by June 15, 2020. Replies to any objections shall be filed and served by August 3, 2020.

22. Neither Defendants and their Related Parties nor BComm's counsel shall have any responsibility for the Plan of Allocation or any application by counsel for the Class Representatives for attorneys' fees or expenses or the Class Representatives for their compensatory awards, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses should be approved.

24. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Class Representatives nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 2.8 or 2.9 of the Stipulation.

25. Neither this Order, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or offered as an admission or concession by the Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or in respect of any liability, fault, or wrongdoing of any kind.

26. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, any application by counsel for the Class Representatives for an award of attorneys' fees and expenses, or any application by the Class Representatives for compensatory awards.

27. If the Stipulation and the Settlement set forth therein are not approved or consummated for any reason whatsoever, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of the Settling Parties *status quo ante*.

28. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither the Class Representatives nor any Class Member, either directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED: April 10, 2020

_____
J. PAUL OETKEN
United States District Judge