UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REX AND ROBERTA LING LIVING TRUST u/a DECEMBER 6, 1990, as AMENDED, JOHN TAYLOR JONES, and DAVID THOMAS JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    -against-<br><br>B COMMUNICATIONS LTD., EUROCOM COMMUNICATIONS LTD., SHAUL ELOVITCH, and OR ELOVITCH,<br><br>        Defendants. | Case No. 1:17-cv-04937 (JPO)<br><br>Class Action |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUND**

Plaintiffs Rex and Roberta Ling Living Trust u/a December 6,1990, as Amended, John Taylor Jones, and David Thomas Jones (together, "Lead Plaintiffs"), individually and on behalf of all Class Members, through their counsel, respectfully submit this memorandum of law in support of their motion for entry of the Proposed Order Granting Authorization to Distribute the Net Settlement Fund (the "Distribution Order") in the above-captioned action (the "Action").[1] The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") is set forth in the Bravata Declaration, which is being submitted on behalf of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator").  Those who submitted properly documented, valid claims are eligible to receive approximately 71% of their Recognized Losses.

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

**I.     BACKGROUND**

The Stipulation entered into by Plaintiffs and Defendants sets forth the terms of the settlement (the "Settlement"), which represents a complete resolution of this Action. Pursuant to the terms of the Settlement, a cash payment of $1,200,000 was deposited in escrow for the benefit of the Settlement Class.

In accordance with the Preliminary Approval Order, SCS mailed the Notice of Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice Packet") to potential Class Members and brokers and other nominees.

---

[1] Unless otherwise indicated herein, all terms with initial capitalization shall have the meanings ascribed to them in the concurrently filed Declaration of Josephine Bravata in Support of Plaintiffs' Motion for Approval of Distribution Plan (the "Bravata Declaration" or "Bravata Decl."), or in the Stipulation of Settlement, dated March 3, 2020 ("Stipulation," ECF No. 127-1) (the "Stipulation").

*See* Bravata Decl. at ¶ 3. SCS also created and maintained a toll-free helpline for inquiries during the course of the administration; created and maintained a settlement website and posted case-specific documents on it; caused the Summary Notice to be published; provided, upon request, additional copies of the Notice Packet to brokers, nominees, and potential Class Members; and received and processed Proofs of Claim. *Id.* at ¶¶ 3-6. To date, SCS has mailed 1,392 Notice Packets to potential Settlement Class Members and nominees. *Id.* at ¶ 3. Additionally, SCS was notified by one of the nominees that it emailed 230 of its customers to notify them of the Settlement and provide them website links to the Notice and Claim Form. *Id.* The Notice informed Settlement Class Members that if they wished to be eligible to participate in the distribution of the Net Settlement Fund, they were required to submit a properly executed Claim Form such that it would be received or postmarked no later than August 17, 2020. *See id.* at ¶ 6.

On August 10, 2020 following the dissemination of the Notice Packet to potential Settlement Class Members and the publication of the Summary Notice as provided for in the Preliminary Approval Order, the Court entered the Final Judgment (ECF No. 137), granting final approval of the Settlement as fair, reasonable, and adequate. The Final Judgment also approved the Plan of Allocation, which was explained in the Notice sent to potential Settlement Class Members. ECF No. 137 at ¶ 8. Claim Forms have now been processed and the Net Settlement Fund is ready to be distributed to Authorized Claimants. Accordingly, Plaintiffs respectfully ask the Court to enter the Distribution Order.

## II.     CLAIMS ADMINISTRATION

As detailed in the accompanying Bravata Declaration, through August 17, 2020, SCS received 319 Claim Forms, all of which have been fully processed in accordance with the Court-approved Plan of Allocation. Bravata Decl. at ¶ 6. A total of 79 of the claims received were

inadequately documented and 188 claims were ineligible for one or more reasons. *Id*. at ¶ 7(b)-(c). The Claims Administrator addressed all non-conforming claims through a comprehensive process. *Id*. at ¶¶ 7(b)-(c). For deficient claims, SCS mailed or emailed inadequacy notices to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. Thereafter, eight deficient claims have been successfully cured and the remaining 71 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. To date, none of the 71 inadequate claimants has objected to or contested this determination. *Id*. at ¶ 7(b).

For ineligible claims, SCS communicated with these 188 claimants and advised them of the determination, providing ineligibility notice. *Id*. at ¶ 7(c). To date, none of these ineligible claimants have contested their determination. *Id*. Plaintiffs respectfully request that the Court approve the Claims Administrator's administrative determination to reject these claims.

The claims administration process is now complete, and SCS has determined that out of the 319 Proofs of Claim submitted through August 17, 2020, 60 are acceptable in whole or in part, and 259 should be rejected for one the following reasons: (1) 42 Claims had no Recognized Losses; (2) 110 Claims had shares not purchased over the NASDAQ; (3) 12 Claims had shares purchased outside the Class Period; (4) 71 Claims were deficient and never cured; (5) 2 Claims were duplicates; (6) 15 Claims had shares sold short; and (7) 7 Claims had shares that were received or transferred into an account, but not purchased. Bravata Decl. at ¶ 7(c); Exhibit A.

The 60 acceptable claims total $445,500.64 in Recognized Losses. Bravata Decl. at ¶ 7(a). The current amount available in the Net Settlement Fund is $317,025.12, meaning the planned payout percentage is a substantial 71.16%.

## III. **DISTRIBUTION OF THE NET SETTLEMENT FUND**

The Claims Administrator has now finished processing all claims. Plaintiffs request that the Court approve SCS's administrative recommendations to accept the 60 claims deemed acceptable (listed in Exhibit B to the Bravata Declaration), and to reject the 259 claims that SCS has determined are inadequate or ineligible listed in Exhibits D and E to the Bravata Declaration. Bravata Decl. at ¶ 7.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement. Accordingly, Lead Plaintiff respectfully requests that the Court bar any further claims against the Settlement Fund filed after August 17, 2020, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Settlement Fund.

Upon the issuance of the Court's order authorizing distribution, SCS will distribute the entire available balance of the Net Settlement Fund to Authorized Claimants. *Id.* at ¶ 9. Each Authorized Claimant's *pro rata* share of the Net Settlement Fund will be based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants. *Id* at ¶ 8(a). No distribution will be made on a claim where the potential distribution amount is less than $10.00 in cash. *Id*. The Net Settlement Fund will be allocated among the Authorized Claimants mentioned in the paragraph above whose prorated payment is $10.00 or

5

greater and any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater. *Id*. at ¶ 8(b). To encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Plaintiffs propose that all the distribution checks bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id*. at ¶ 8(c).

If there is any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution date (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel recommends that, if economically feasible, such remainder be allocated in a re-distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who cashed their checks from the initial distribution, and who would receive at least $10.00 from such re-distribution. *Id*. at ¶ 8(d). If a re-distribution is not economically feasible, or after it becomes no longer economically feasible to redistribute any remaining balance of the Net Settlement Fund, such remaining balance will be donated to one or more non-sectarian, not-for-profit organization(s) designated by Lead Counsel and approved by the Court. *Id*.

### IV.   RECORD RETENTION AND DESTRUCTION

Plaintiffs also request that SCS be permitted to destroy paper copies of the Proofs of Claim one (1) year from the final distribution date of the Net Settlement Fund and electronic copies of the same three (3) years after final distribution.

### V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the Distribution Order submitted herewith.

Dated: February 19, 2021 Respectfully submitted,

**POMERANTZ LLP**
By: /s/ Cara David
Jeremy A. Lieberman
Cara David
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
cdavid@pomlaw.com

*Lead Counsel for Plaintiffs and the Settlement Class*

**BRONSTEIN, GEWIRTZ
 & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 19, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 19, 2021.

                                                    */s/ Cara David*
                                                    Cara David