UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REX AND ROBERTA LING LIVING TRUST u/a DECEMBER 6, 1990, as AMENDED, JOHN TAYLOR JONES, and DAVID THOMAS JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>B COMMUNICATIONS LTD., EUROCOM COMMUNICATIONS LTD., SHAUL ELOVITCH, and OR ELOVITCH,<br><br>Defendants. | Case No. 1:17-cv-04937 (JPO)<br><br>Class Action |

**ORDER GRANTING AUTHORIZATION
TO DISTRIBUTE THE NET SETTLEMENT FUND**

Rex and Roberta Ling Living Trust u/a December 6, 1990, as Amended, John Taylor Jones, and David Thomas Jones ("Lead Plaintiffs"), through their counsel, moved this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Josephine Bravata in Support of Plaintiffs' Motion for Approval of Distribution Plan (the "Bravata Declaration" or "Bravata Decl."):

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 3, 2020 (ECF No. 127-1) (the "Stipulation") and the Bravata Declaration, and all

1

terms used herein shall have the same meanings as set forth in the Stipulation and the Bravata Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Bravata Declaration to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator") to accept the Timely, Properly Documented Claims set forth in Exhibit B to the Bravata Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the inadequately documented claims that have not been successfully cured and wholly ineligible Claims as set forth in Exhibits D and E to the Bravata Declaration are adopted;

(c) SCS is directed to distribute 100% of the Net Settlement Fund to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth in paragraph 9(a)-(b) of the Bravata Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement unless good cause is shown, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants, if Lead Counsel, in consultation with SCS, determine that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted shall irrevocably forfeit any further recovery from the Net Settlement Fund unless good cause is shown;

(f) After SCS has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, but no earlier than six (6) months after the Distribution, SCS shall, if Lead Counsel, in consultation with SCS, determine that it is cost effective to do so, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting SCS's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with SCS, determine that further re-distribution is not cost effective;

(g)     At such time as Lead Counsel, in consultation with SCS, determines that further re-distribution of the funds remaining in the Net Settlement Fund is not cost effective, and if any funds shall remain in the Net Settlement Fund after the payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court;

(h)     No new Claims shall be accepted after August 17, 2020, and no further adjustments to Claims received on or before August 17, 2020 that would result in an increased recognized claim amount shall be made for any reason. No responses to deficiency and/or rejection notices received after January 12, 2021 shall be accepted;

(i)     All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Court's order;

(j)     Unless otherwise ordered by the Court, one year after the final distribution date, SCS shall destroy the paper copies of the Proofs of Claim and all supporting documentation and, three years after all funds have been distributed, SCS shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: April 28, 2021

_____
J. PAUL OETKEN
United States District Judge